**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

YVONNE CHAVEZ,

    Plaintiff,

vs.                                                 No. CIV 99-686 MV/LCS

CITY OF ALBUQUERQUE, LAWRENCE RAEL
ANNE WATKINS in her individual capacity,
SHERAN MATSON, in her individual capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court for consideration of (1) Defendants Anne Watkins' and Sheran Matson's Motion for Summary Judgment Based on Qualified Immunity, filed August 3, 1999 **[Doc. No. 15]**; (2) Defendants City of Albuquerque's and Lawrence Rael's Motion for Summary Judgment, filed August 11, 1999 **[Doc. No. 20]**; and Plaintiff's Motion for Summary Judgment, filed September 7, 1999 **[Doc. No. 25]**. The Court, having considered all briefs, relevant law and being otherwise fully advised, finds that (1) Defendants Anne Watkins' and Sheran Matson's Motion for Summary Judgment is well taken and will be granted; (2) Defendants City of Albuquerque's and Lawrence Rael's Motion for Summary Judgment is well taken and will be granted; and (3) Plaintiff's Motion for Summary Judgment is not well taken and will be denied.

**BACKGROUND**

The undisputed facts for purposes of these motions are as follows: Plaintiff, Yvonne Chavez, was employed as a bus driver for the City of Albuquerque on August 4, 1997. At the time she was hired, Ms. Chavez was informed that she was a "temporary employee." The City's Rules and

Regulations define a "temporary employee" as one "who is given a termination date at the time of appointment and whose length of service may not exceed 2 years." Ms. Chavez was not given a termination date, however she was informed that the temporary status would not exceed two years. She was also informed that although temporary employees could be considered for promotions to "permanent employee" status, there were no guarantees that she would be promoted to a permanent position. In addition, Ms. Chavez was informed that a temporary employee was part of "unclassified service" who had "no entitlement to continued City employment and may be terminated at any time" and further that such temporary employee had "no property interest in continued employment and may be dismissed for any and no reason." *Memorandum of Law in Support of Defendants Anne Watkins' and Sheran Matson's Motion For Summary Judgment, Exhibits, E, F, G*. Ms. Chavez was informed that temporary employees are "at-will" employees who were not entitled to the disciplinary procedures and policies available to permanent employees. *Id*. The City promoted Ms. Chavez, in writing, to a position as a permanent employee on March 7, 1998. At the time she was promoted to permanent employee, Ms. Chavez was informed that she would have to serve a six month "probationary period." On July 13, 1998, Ms. Chavez was informed that due to attendance problems her "probationary status" was being extended for 60 days until November 11, 1998, the maximum allowable extension under the City of Albuquerque's Merit System Ordinance. The City of Albuquerque's Merit System Personnel Policy § 3-1-9 in effect on that date provided that "[a] probationary employee does not have a legitimate entitlement to continued employment and may be terminated for any and no reason." The City's Personnel Rules and Regulations § 302.9 adopted pursuant to the Merit Ordinance System provide that "[t]emporary employees have no rights to the grievance procedure..." Permanent non-probationary employees are entitled to pre-termination and

post-termination hearings. On September 28, 1998, Sheran Matson, with the approval of Anne Watkins, notified Ms. Chavez that her employment was terminated and that because Ms. Chavez was a probationary employee no reason was being given. Ms. Chavez requested a grievance hearing which was denied based upon her probationary status. However, a "grievability hearing" was scheduled for November 25, 1998, to determine whether Ms. Chavez was entitled to any formal grievance proceedings. On November 20, 1998, the Second Judicial District Court for the State of New Mexico issued a preliminary injunction clarifying which employees should be treated as permanent, rather than temporary employees. *United Transportation Union v. City of Albuquerque*, No. Civ. 96-11335 (J. Conway, 2nd. District, New Mexico, Nov. 20, 1998). Pursuant to this preliminary injunction, the City was required to treat Ms. Chavez as a permanent non-probationary employee. Based upon the injunction, the City decided to rescind Ms. Chavez's termination, reinstate her employment and proceed to discipline her for past conduct while providing her with a "pre-determination" hearing and the opportunity to grieve any discipline. The scheduled November 25 "grievability hearing" was canceled as premature. Instead, on November 25, the City notified Ms. Chavez that she was being reinstated immediately and that she was entitled to full back pay upon completing certain time sheets. Ms. Chavez never completed these back pay time sheets and as such, never received any back pay. The City also stated that Ms. Chavez was being placed upon administrative leave for tardiness and unexcused absences and that a pre-determination hearing was being scheduled for December 8, 1998 to determine the appropriate discipline. Ms. Chavez was further notified that the discipline under consideration could include "up to termination". Ms. Chavez did not attend the December 8, 1998 pre-determination hearing. The City then informed her that she had until December 16, 1998 to reschedule the hearing. Ms. Chavez did not respond to the City's

request to reschedule the hearing. Ms. Chavez contends that she did not attend the pre-determination hearings because she "had already been fired" and was believed that she would be fired again after the hearing. Ms. Chavez also contends that she was never reinstated.

**STANDARD OF REVIEW**

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). Under Rule 56(c), summary judgment is appropriate when the Court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by

4

demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

## DISCUSSION

Plaintiff Yvonne Chavez brings this action claiming that Defendants City of Albuquerque, Lawrence Rael, Anne Watkins and Sheran Watson deprived her of procedural due process guaranteed under the United States Constitution by terminating her employment without a pre-termination or post-termination hearing. Plaintiff also brings a breach of contract claim against the City of Albuquerque and Lawrence Rael which is identical to the due process claims and asserts a failure to provide an opportunity for a hearing.[1] Defendants City of Albuquerque and Lawrence Rael argue that Ms. Chavez was a probationary employee and was not entitled to any procedural due process protection in the form of a grievance procedure. In the alternative Defendants assert that Ms. Chavez was offered the opportunity for a pre-determination hearing and thereby any procedural due process and contractual requirements were satisfied. Defendants Anne Watkins and Sheran Matson incorporate these arguments and further claim that they are entitled to qualified immunity from Ms. Chavez's claims. Plaintiff Yvonne Chavez disputes Defendants arguments and cross-moves for summary judgment on the grounds that she was entitled to a pre-determination hearing and was denied such an opportunity in violation of the

---

[1] A contractual claim brought against the individually named defendants was dismissed on July 30, 1999

5

United States Constitution and her employment contract.

I.     PROCEDURAL DUE PROCESS CLAIM

The Fourteenth Amendment of the United States Constitution states, in relevant part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." The Supreme Court has held that "[a]n essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.' " *Cleveland Board of Educ. v. Loudermill*, 470 U.S. 532, 542 (1984) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). Prior to any deprivation of a significant property interest, an individual must be given an opportunity for a hearing before he is deprived of any significant property interest. *Id., see also Boddie v. Connecticut*, 401 U.S. 371, 379 (1971). In the context of public employment this principle requires "some kind of a hearing" prior to the discharge of an employee who has a constitutionally protected property interest in his employment. *Board of Regents v. Roth*, 408 U.S., at 569-570; *Perry v. Sindermann*, 408 U.S. 593, 599 (1972).

In determining whether an individual has been deprived of a right to procedural due process, the Court must engage in a two-step inquiry: (1) did the individual possess a protected property interest such that the due process protections were applicable; and if so (2) was the individual afforded an appropriate level of process. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. at 541; *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). In light of this framework, the threshold questions are whether Ms. Chavez possessed a property interest in her continued employment, and if so, whether she was afforded due process prior to being discharged.

6

### 1. Property Interest In Continued Employment

Ms. Chavez asserts that she had a protected property interest in her continued employment with the City of Albuquerque. Determining whether a property interest "exists depends not upon the Constitution but upon `independent sources such as state law'." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. at 542 (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). In the context of a public employee like Ms. Chavez, the touchstone is whether, under state law, Ms. Chavez had a legitimate claim of entitlement in continued employment. *Board of Regents v. Roth*, 408 U.S. at 577, *Farthing v. City of Shawnee*, 39 F.3d at 1135. A legitimate claim of entitlement may be grounded in various sources of state law, including "state statutes, local ordinances, established rules, or mutually explicit understandings." *Farthing v. City of Shawnee*, 39 F.3d at 1135. The Tenth Circuit has repeatedly held that when an employee can be terminated only for specific reasons, her expectation of continued employment is sufficient to invoke due process protections. *See West v. Grand County*, 967 F.2d 362 (10th Cir. 1992) (legal secretary working for city attorney who could only be terminated for cause, or workforce reductions, had a protected property interest in continued employment); *Archuletta v. Colorado Dep't of Insts.*, 936 F.2d 483, 489 (10th Cir. 1991) (Youth Services worker who could be terminated only for cause had a protected property interest in continued employment); *Goudeau v. Independant Sch. Dist. No 37*, 823 F.2d 1429, 1431-32 (10th Cir. 1987) (preschool aide who could only be terminated for cause had a protected property interest in continued employment).

The terms of Ms. Chavez's employment were governed by the City of Albuquerque's Merit System Ordinance and Personnel Rules and Regulations. Under these local rules, only a permanent, non-probationary employee had a legitimate expectation of continued employment.

Temporary and probationary employees were informed that they were at-will employees who could be terminated for no reason at all. Those employees who were considered to be permanent and non-probationary employees could only be terminated for just cause and were entitled to both pre-termination and post-termination hearings. There is no dispute that at the time Ms. Chavez was terminated, she had been promoted to the status of permanent employee. The issue in dispute is whether she remained on probationary status at that time. Defendants assert that Ms. Chavez was a probationary employee and consequently was not entitled to the grievance procedures offered to permanent non-probationary employees. Indeed, in the letter of termination Ms. Chavez was informed that she was a probationary employee who could be terminated without any explanation. When she requested a grievance hearing, Ms. Chavez was informed that such procedures were not available to probationary employees. Ms. Chavez contends to the contrary that she was a permanent, non-probationary employee at the time of her termination, and thus could only be discharged for just cause, after the appropriate grievance procedures were followed.

The ruling of the Second Judicial District Court for New Mexico State is dispositive of the issue of whether Ms. Chavez was a permanent, non-probationary employee, or merely a probationary employee. In the preliminary injunction, the district court enjoined the City of Albuquerque from treating as "temporary" and imposing a probationary period on those full time employees who (1) were classified as "temporary employees" upon hiring without having been given a definite termination date of not more than two years at the time of hiring; and (2) who completed at least six months of full time employment since the date of hire. *United Transportation Union v. City of Albuquerque*, No. Civ. 96-11335 (J. Conway, 2nd. District, New Mexico, Nov. 20, 1998). Pursuant to this injunction, the City was required to treat Ms. Chavez

as a permanent, non-probationary employee, as a result of her having been hired without any termination date, promoted to a permanent position, and completed over a year of employment. Acting under this injunction, the City decided to rescind Ms. Chavez's termination, reinstate her with back pay, and commence the disciplinary procedures afforded to permanent non-probationary employees.

Notwithstanding this court-ordered injunction, the City of Albuquerque now argues to this Court that Ms. Chavez was properly treated as a probationary employee in her first termination on September 28, 1998. The Tenth Circuit has instructed that constitutionally protected property interests are derived from state law, including "state statutes, local ordinances, established rules, or mutually explicit understandings. *Farthing v. City of Shawnee*, 39 F.3d at 1135. The district court for New Mexico State has already issued a ruling in a preliminary injunction on the precise issue now before this Court - under what circumstances a City of Albuquerque employee should be considered permanent, rather than probationary. This preliminary injunction was based upon an analysis of the City of Albuquerque's Merit System Ordinance, the applicable Rules and Regulations, and the definitions given to the classifications of "temporary", "probationary" and "permanent" employees. *See Letter from Judge Susan Conway of Second Judicial District Court for New Mexico* (October 21, 1998) . Specifically, Judge Conway found that the definition of temporary employee only applied to employees who were given a definite termination date occurring less than two years after the date of hire. *See* Merit System Personnel Rules and Regulations § 302.9. Therefore, any employee, like Ms. Chavez, who was hired for an indefinite period of time, would be considered permanent and non-probationary after the initial six months probationary period had expired. Thus, under New Mexico case law, the issue of whether

employees in the same position as Ms. Chavez were permanent or probationary, has already been determined, albeit at the preliminary injunction stage. The Court does not favor issuing a ruling inconsistent with the New Mexico State Court's determination. Rather, given the important state interest New Mexico has in determining the status of certain public employees, the Court believes it is prudent to let the matter be fully litigated and resolved at the state court level.[2] *See Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10th CIr. 1997) (federal Court may abstain or defer to pending state proceeding where an important state interest is involved.) Under these circumstances, this Court finds it appropriate to defer to the New Mexico State District Court's findings. Without specifically holding that Ms. Chavez was a permanent non-probationary employee, this Court will assume that the State Court of New Mexico was correct in its determination of who should be considered a permanent, rather than probationary employee.[3] Thus, for the purpose of this present summary judgment ruling the Court presumes that Ms. Chavez was a permanent, non-probationary employee, who could only be terminated for just cause, after the appropriate grievance proceedings. The Court also concludes that Ms. Chavez had a legitimate claim to continued expectation of employment and as such, had a property interest in her continued employment. *See United Transportation Union v. City of Albuquerque*, No. Civ. 96-11335 (J.

---

[2] The Court also notes that it is not crucial to the resolution of the present motions for this Court to determine whether or not Ms. Chavez had a property interest in her employment. If the Court finds that Ms. Chavez did not have a property interest in her employment, then there could be no due process violation. In the alternative, if a property interest existed, which the Court assumes arguendo was the case, then the crucial question is whether Ms. Chavez was afforded sufficient due process. The Court concludes that Ms. Chavez did receive all the due process protection to which she was entitled.

[3] The State Court's ruling was not a final judgment, and therefore is not entitled to full faith and credit under New Mexico law. Nonetheless, the Court will defer to the state Court proceeding under the doctrine of abstention as articulated in *Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).

Conway, 2nd. District, New Mexico, Nov. 20, 1998)*; see also Board of Regents v. Roth* 408 U.S. at 577, *Farthing v. City of Shawnee*, 39 F.3d at 1135.

### B. Level of Procedural Due Process Offered to Ms. Chavez

The Court's initial conclusion that Ms. Chavez had a legitimate property interest in her continued employment, is the end of the due process inquiry. The Court must now determine whether the grievance procedures offered to Ms. Chavez satisfy her procedural due process rights arising both from her initial termination on September 28, 1998 and in her subsequent termination on December 16, 1998. The Court will examine each of these claims in turn.

#### 1. Initial September 28, 1998 Termination

Ms. Chavez asserts that her procedural due process rights were violated as a result of her initial termination without any grievance hearing. Ms. Chavez further contends that the initial cancellation of her November 25, 1998 "grievability" hearing denied her of the opportunity to a post-termination hearing. Defendants argue that any deprivation of due process which occurred as a result of the initial termination was cured by Ms. Chavez's reinstatement and the subsequent commencement of grievance procedures. The Court agrees that the reinstatement and offer of back pay to Ms. Chavez restored her property interest in her continued employment and remedied any potential deprivation of property. By reinstating Ms. Chavez and commencing the appropriate disciplinary proceedings, the City of Albuquerque cured any procedural due process defect present in her initial termination. *See Hudson v. Chalmer*, 468 U.S. 517, 539 (1984) (J. O'Connor concurring) ("when adequate remedies are provided and followed, no uncompensated taking or deprivation of property without due process can result."); *Archuletta v. Colorado Dept. of Institutions*, 936 F.2d 483, 489 (10th Cir. 1991) (no deprivation of property interest occurred

11

where employee was reinstated to her position after grievance procedure).

Ms. Chavez argues that she in fact was never reinstated to work and has never received any back pay. These claims cannot resurrect Ms. Chavez's due process claims. A letter sent by the City of Albuquerque to Ms. Chavez on November 25, 1998 stated that the City had "decided to rescind the prior termination, reinstate you and pay any back pay which you may have accrued since. . . the date of your termination." The letter further stated that the "reinstatement is effective today" and that Ms. Chavez was being placed on administrative leave with pay, pending resolution of disciplinary procedures. Thus, it is factually clear that Ms. Chavez was reinstated on November 25, 1998 and offered the opportunity to receive back pay. Ms. Chavez's contention that she has not received any back pay also does not bolster her due process claim. It is evident that the City of Albuquerque agrees that Ms. Chavez is entitled to back pay and instructed her clearly that the back pay could only be paid upon receipt of certain time sheets completed by Ms. Chavez. The City contends, and Ms. Chavez does not dispute, that these time sheets were never filed by Ms. Chavez, and accordingly the back pay was never processed. Thus, any failure to receive back pay appears to result from Ms. Chavez's own actions, rather than by any deprivation of property on the part of the City of Albuquerque.

Ms. Chavez also argues that the cancellation of her November 25, 1998 grievability hearing denied her of her procedural due process rights to a post-termination proceeding. This argument is without merit. As an initial matter, the purpose of the "grievability hearing" was to determine what grievance procedures should be applied to Ms. Chavez, not to determine whether her termination was appropriate. As such, this "grievability hearing" was not the type of "post-termination" hearing, intended by the Supreme Court and the Tenth Circuit to satisfy due process.

The Tenth Circuit has made clear that a post-termination proceeding is where "the definitive fact-finding occurs." *West v. Grand County*, 967 F.2d at 368. The City of Albuquerque in the "grievability hearing" did not intend to delve into the underlying facts of Ms. Chavez's termination, but rather to assess her further opportunity to be heard. Second, by reinstating Ms. Chavez on November 25, 1998, the City of Albuquerque temporarily restored her property interest in her employment, and as such alleviated the need for a post-termination hearing at that point. Ms. Chavez on the date of her scheduled grievability hearing was still an official employee of the City of Albuquerque and was still entitled to her salary and benefits. Thus, any post-termination proceeding on that date would have been premature. Accordingly, this Court finds that the City of Albuquerque was not required on November 25, 1998 to offer Ms. Chavez her scheduled "grievability proceeding" in order to satisfy the mandates of procedural due process.

## 2. December 16, 1998 Termination

Having been reinstated to her employment in which she had a property interest, Ms. Chavez was entitled to a pre-termination and post-termination hearing which comported with her due process rights. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. at 542. A full evidentiary hearing is not required prior to termination. *Id.* at 545; *see also West v. Grand County*, 967 F.2d at 368 (stating that *Loudermill* requirements are not very stringent). "The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* at 546 (citation omitted). "Implicit in this final requirement is that the hearing officer must not have already made up his mind to terminate the employee before hearing the employee's view of the events in question." *Pike v. Gallagher*, 829 F. Supp. 1254, 1271 (D.N.M. 1983) (citing *Loudermill*, 470

U.S. at 543).

Ms. Chavez asserts that the second termination was procedurally defective because she was not afforded an opportunity for a pre-termination and post-termination hearing. These contentions are not supported by the record. On November 25, 1998, Ms. Chavez was notified in writing that she would be reinstated and placed on administrative leave, pending resolution of disciplinary actions against her. The letter specifically advised Ms. Chavez of seven instances where she was either tardy or absent from work without excuse. The letter also informed Ms. Chavez that she was scheduled for a pre-determination hearing on December 8, 1998 and would have an opportunity at this hearing to address the charges brought against her with the help of a personal representative. The letter finally noted that the "[d]iscipline under consideration is up to and including termination." This letter adequately provided Ms. Chavez notice of the disciplinary charges pending against her, and gave her an opportunity to address these charges. The letter properly commenced the grievance procedures which would satisfy Ms. Chavez's due process rights. *See Cleveland v. Loudermill,* 470 U.S. at 546 ("The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story."(citation omitted)). Ms. Chavez did not attend the December 8, 1998 pre-termination hearing, and was notified by letter that she would have an opportunity to reschedule the hearing prior to December 16, 1998. Ms. Chavez again did not respond and made no further requests for hearings or grievance procedures. Ms. Chavez attempts to justify her failure to avail herself of the pre-termination hearing by arguing that the Personnel Board was intent upon terminating her employment. As the Court previously stated, implicit in a pre-termination hearing is the requirement is that the hearing officer must not have already made

up his mind to terminate the employee before the employee has an opportunity to be heard. *Pike v. Gallagher*, 829 F. Supp. at 1271. Ms. Chavez argues that the hearing officer was not impartial and was already determined to fire her prior to the December 8 scheduled hearing. Ms. Chavez offers no specific evidence to support these allegations. To the contrary, the November 25, 1998 letter informed her that termination was only one of the remedies under consideration, and implied that other less severe remedies could be imposed. Further, the final decision to terminate Ms. Chavez was not made until December 16, 1998 after she had been given two opportunities to present her version of events. Only after Ms. Chavez's failure to respond did the Personnel Board base its termination decision on the information available from Ms. Chavez's personnel record. Having failed to avail herself of these two separate opportunities to rebut the charges against her, Ms. Chavez cannot now claim a deprivation of due process. *See, e.g., Curtis v. Oklahoma City Public School*s, 147 F.3d 1200, 1215, n. 18 (10th Cir. 1998) (school district administrator cannot claim a violation of procedural due process after failing to attend pretermination hearing).

Likewise, Ms. Chavez' complaint that the City of Albuquerque failed to provide a post-termination hearing is without merit. There is no evidence that Ms. Chavez requested and was denied a post-termination hearing after receiving notice on December 16, 1998 that the disciplinary charges resulted in her termination. Any claim of a due process violation is waived as a result of Ms. Chavez's knowing failure to take advantage of the post-termination procedures available to her. *See Pitts v. Bd. of Educ. of U.S.D 305, Salina, Kansas*, 869 F.2d 555, 557 (10th Cir. 1989); *Copple v. City of Concordia, Kansas*, 814 F. Supp. 1529, 1538-39 (D. Kan. 1993);.

Ms. Chavez is only entitled by her procedural due process rights to a meaningful opportunity to confront the charges against her. *See Cleveland v. Loudermill,* 470 U.S. at 542.

Ms. Chavez was given two such opportunities, one on December 8, via a scheduled hearing, and again through a December 9, 1998 letter allowing her to reschedule a hearing. By offering these opportunities, the City of Albuquerque satisfied any due process obligation it owed to Ms. Chavez. *Id.* Furthermore, by failing to take advantage of these opportunities, Ms. Chavez waived any claim that her due process rights were violated. *See Curtis v. Oklahoma City Public Schools*, 147 F.3d at 1215, n. 18 (failure to attend pretermination proceeding undermines due process claims); *see also Pitts v. Bd. of Educ. of U.S.D 305, Salina, Kansas*, 869 F.2d at 557*; Copple v. City of Concordia, Kansas*, 814 F. Supp. at 1538-39 (D. Kan. 1993) (failure employee to avail himself of post-termination procedures constitutes waiver of due process rights). In summary, the Court finds that the pre-termination and post-termination proceedings available to Ms. Chavez afforded her sufficient procedural due process prior to the deprivation of her property interest in her continued employment.

## II.     BREACH OF CONTRACT CLAIM

Ms. Chavez also brings a breach of contract claim against the city of Albuquerque and Lawrence Rael for failing to provide her with grievance proceedings. This claim is essentially identical to Ms. Chavez's due process claim. As the Court has already reasoned, Ms. Chavez was provided with two separate grievance opportunities concerning her December 16, 1998 termination. To the extent that Ms. Chavez is asserting that her initial termination was a breach of contract, the Court is satisfied that the rescinding of her termination remedied any potential breach. Furthermore, the facts do not establish that the City of Albuquerque has breached any contractual obligation to pay Ms. Chavez back pay. Rather, the failure to award back pay appears to be a result of Ms. Chavez's lack of action, rather than any breach on the part of the City.

Ms. Chavez also asserts that the City of Albuquerque breached its employment contract by terminating her without just cause. As the Court reasoned earlier, Ms. Chavez was in the class of employees who could only be terminated for just cause. Under New Mexico law, "just cause" requires that an employer must have reasonable grounds to believe that sufficient cause exists to justify termination. *See Parker v. John Q. Hammons Hotel*, 914 F. Supp 467 (D.N.M. 1994), *Kestenbaum v. Pennzoil*, 108 N.M. 20, 27 (1988). In this case, the City of Albuquerque offered seven instances where Ms. Chavez was either tardy or absent without excuse. Ms. Chavez has provided no evidence to refute these charges or to undermine the justification provided by the City of Albuquerque for her termination. As such, the Court finds there is no genuine dispute of material fact that Ms. Chavez was terminated for just cause.

Ms. Chavez has simply not asserted sufficient facts to survive summary judgment for her claim for breach of contract. Accordingly, Defendants will be granted summary judgment in this claim as well.

## CONCLUSION

The Court finds that Ms. Chavez did have a protected property interest in her employment. The Court further finds that the City of Albuquerque provided Ms. Chavez with sufficient pre-termination and post-termination proceedings to satisfy her due process rights. As such, there was no deprivation of Ms. Chavez's property interest in her continued employment in violation of her procedural due process rights. Finally, the Court finds that Ms. Chavez has not shown sufficient facts to support a claim of breach of contract. Based on these findings the Court does not reach the issue of whether Anne Watkins and Sheran Matson were entitled to qualified immunity for the termination of Ms. Chavez. There is no genuine issue of material fact which

would preclude summary judgment in this case. Accordingly, the Court finds it appropriate to grant Defendants' two motions for summary judgment, and deny Plaintiffs cross-motion for summary judgment.

**WHEREFORE,**

**IT IS THEREFORE ORDERED**

(1) Defendants City of Albuquerque's and Lawrence Rael's Motion for Summary Judgment **[Doc. No. 20]** is well taken and will be **GRANTED**;

(2) Defendants Anne Watkins' and Sheran Matson's Motion for Summary Judgment **[Doc. No. 15]** is well taken and will be **GRANTED**;

(3) Plaintiff's Motion for Summary Judgment **[Doc. No. 25]** is not well taken and will be **DENIED**.

**DATED** this 28th day of February, 2000.

_____
**MARTHA VAZQUEZ**
**U. S. DISTRICT COURT JUDGE**

Attorney for Plaintiff:
Paul Livingston

Attorney for Defendant:
Bruce Thompson, Assistant City Attorney